IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN DAWAYNE WILLIS,

    Plaintiff,

v.

M. DEVANEY; MULTNOMAH COUNTY
SHERIFF'S OFFICE; and MULTNOMAH COUNTY,

    Defendants.

Case No. 3:22-cv-00211-JR

ORDER

RUSSO, Magistrate Judge.

    Plaintiff, an adult in custody at the Multnomah County Inverness Jail (the "Jail"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the Court granted plaintiff's Application to Proceed *In Forma Pauperis*. For the reasons set forth below, plaintiff must file an Amended Complaint.

## BACKGROUND

    Plaintiff alleges defendant Devaney, who is a correctional officer at the Jail, "dismissed" eight grievances in which plaintiff described the illegality of his continued confinement at the Jail. Plaintiff alleges these actions violated his rights under the United States Constitution and state law. By way of remedy, plaintiff seeks money damages and a letter of apology.

1  - ORDER

**STANDARDS**

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-24 (9th Cir. 1988); Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

**DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). A plaintiff must also allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

2 - ORDER

As an initial matter, in addition to Devaney, plaintiff names the Multnomah County Sheriff's Office and Multnomah County as defendants but does not allege facts that would establish municipal liability. See Monell, 436 U.S. at 690-91. A municipal entity is liable under § 1983 only if the plaintiff alleges his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom; a municipality may not be held vicariously liable under § 1983 simply based on the allegedly unconstitutional acts of its employees. Mt. Healthy City Sch. Dist. Bd. Of Ed. v. Doyle, 429 U.S. 274, 280 (1977); Board of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Accordingly, plaintiff fails to state a claim against defendants Multnomah County Sheriff's Office and Multnomah County upon which relief may be granted under § 1983.

Moreover, as to defendant Devaney, a claim for damages for an allegedly unconstitutional imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid is not cognizable under § 1983, "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994); see also Guerrero v. City of Gates, 442 F.3d 697, 703 (9th Cir. 2006) (holding wrongful arrest, malicious prosecution, and conspiracy to bring false charges barred by Heck). The Heck rule also applies to Fourth Amendment claims based on allegations of unlawful search and seizure of property. See Whitaker v. Garcetti, 486 F.3d 572, 583-84 (9th Cir. 2007) (Heck bars a plaintiff's claims challenging the search and seizure of evidence upon which criminal charges were based).

Heck applies to pretrial detainees and to claims arising out of pending charges. Alvarez-Machain v. United States, 107 F.3d 696, 700–701 (9th Cir. 1996); see also Cabrera v. City of

3  - ORDER

Huntington Park, 159 F.3d 374, 380 (9th Cir. 1988) (Heck barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded charges against him). However, the Supreme Court has announced that the Heck rule bars an action only if there is an existing conviction. See Wallace v. Kato, 549 U.S. 384, 393 (2007).

In Wallace, the Supreme Court held that *Heck* does not encompass the principle that "an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside." Id. Instead of requiring dismissal of civil claims filed in the shadow of an impending criminal case under Heck, the Supreme Court noted that if a plaintiff files a § 1983 false arrest claim before he is convicted, or "any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Id. at 393-94. If the plaintiff is then convicted, and the stayed civil suit would impugn that conviction, Heck then requires dismissal. Id. Otherwise, the case may proceed. Id.

Because it is not clear from the face of the Complaint whether plaintiff has been convicted of a crime, and because plaintiff does not allege that any such conviction has been invalidated, to the extent plaintiff alleges his current confinement results from his alleged unconstitutional detention and the alleged illegal seizure of his property, plaintiff's Complaint is subject to dismissal.

Finally, to the extent plaintiff alleges claims for relief under state law, although the Court may exercise supplemental jurisdiction over state law claims, the Court may also decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). As discussed above, plaintiff's Complaint fails to state a plausible federal claim for relief. If plaintiff fails to file an Amended Complaint which cures the deficiencies noted, plaintiff's state law claims will be dismissed as well. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff must file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this Order. Plaintiff is advised that the amended complaint will operate as a complete substitute for the present complaint, not as a supplement. Plaintiff is further advised that failure to file an Amended Complaint, or failure to cure the deficiencies noted above, shall result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this __24th__ day of February 2022.

                                         /s/ Jolie A. Russo
                                         Jolie A. Russo
                                         United States Magistrate Judge